Jian Yuan **ZHEN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71499.

Agency No. A44–195–740.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2004.*

Decided Sept. 22, 2004.

David N. Shomloo, Portland, OR, for Petitioner.

---

* This panel unanimously finds this case suit-

**796**

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Francis L. Cramer, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GRABER, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM**

Jian Yuan Zhen petitions for review of the Board of Immigration Appeals's ("BIA") decision to affirm an Immigration Judge's ("IJ") order of removal. We deny the petition for review.

The IJ found clear and convincing evidence to support the conclusion that Zhen was inadmissible at the time of entry because he had committed marriage fraud, *see* 8 U.S.C. § 1182(a)(6)(C)(i), and so was removable, *see id.* § 1227(a)(1)(A). The IJ also concluded that the preponderance of the evidence supported the Immigration and Naturalization Service's[1] ("INS") conclusion that Zhen entered a marriage for the purpose of procuring admission as an immigrant, *see id.* § 1186a(b)(1), and that termination of Zhen's status as a conditional permanent resident was thus appropriate. *See id.* § 1227(a)(1)(D).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). As the BIA affirmed the IJ's decision without opinion, "the IJ's decision becomes the final agency decision, and . . . [this court] scrutinize[s] the IJ's decision as [it] would a decision by the BIA itself." *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003). We affirm.

We can grant Zhen's petition for review only if "a reasonable adjudicator would be compelled to find that the facts supported a finding that [Zhen] fulfilled [his] marital agreement and that [his] marriage was not entered into for the purpose of procuring [his] admission as an immigrant." *Nakamoto v. Ashcroft,* 363 F.3d 874, 883 (9th Cir.2004); *see also Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004) (explaining application of substantial evidence standard in marriage fraud cases). Zhen has presented no evidence that compels such a result.

Hamel described with particularity the plan for her sham marriage to Zhen and how the plan was carried out. The IJ credited Hamel's account of the relevant facts, concluding that Hamel was "basically [Zhen's] visa to the United States." The evidence presented by Zhen, including income tax returns, affidavits, rent receipts, and photographs, was all adequately accounted for by Hamel's account of the marriage.

As Zhen presented no evidence compelling us to question the IJ's credibility findings, we deny Zhen's petition for review.

**PETITION FOR REVIEW DENIED.**

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Department of Justice transferred functions of the INS to the newly created Department of Homeland Security in March 2003. *See* Homeland Security Act of 2002, Pub.L. No. 107–296 § 471, 116 Stat. 2135 (2002). For convenience, we refer to the INS rather than the Department of Homeland Security.